UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL JON RIOS,<br><br>          Plaintiff,<br> v.<br><br>STATE OF NEVADA, EX. REL. DEPARTMENT OF PUBLIC SAFETY; DIVISION OF PAROLE AND PROBATION; LISA BRANNON; JACOB SOMMER; CHRISTOPHER M. HOHNHOLT; AND DOES 1 – 10, INCLUSIVE,<br><br>          Defendants. | Case No. 3:20-cv-000438-LRH-CLB<br><br>ORDER |

  Before the Court is Defendants State of Nevada ex rel. its Department of Public Safety, Division of Parole and Probation, Lisa Brannon, and Christopher Hohnholz's (collectively, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 9). Plaintiff Michael Rios ("Rios") opposed the motion (ECF No. 10), and Defendants replied (ECF No. 16). Also pending before the Court is Defendant Jacob Sommer's Motion to Dismiss Plaintiff's Complaint (ECF No. 17). The Defendants joined Sommer's Motion to Dismiss (ECF No. 20). Rios opposed the motion (ECF No. 21), and Sommer replied (ECF No. 22).

  For the reasons articulated in this Order, the Court grants Sommer's motion to dismiss (ECF No. 17).

**I. BACKGROUND**

  This action spans nearly twenty years and involves several different, yet connected, judicial actions. It begins on November 9, 2000, when Rios, before the Third Judicial District Court of the

State of Nevada, pleaded guilty to sexual assault under then effective NRS 200.366.3(b)(2). ECF No. 9-1, at 4. Relevant here, upon release from incarceration in 2012, the court sentenced Rios to lifetime supervision under then effective NRS 176.0931. *Id.* Rios signed a Lifetime Supervision Agreement with the Division of Parole and Probation ("P&P") containing extra-statutory conditions, which among other items, included a prohibition of possession or use of alcoholic beverages. ECF No. 3 ¶ 12.

In early July of 2014, P&P filed a notice that Rios violated the terms of the Lifetime Supervision Agreement by being found under the influence of alcohol. ECF No. 3 ¶ 13. After having Defendant Sommer ("Sommer") appointed as his counsel, on July 28, 2015, Rios pleaded guilty to the violation. ECF No. 9-1, at 1. On October 15, 2015, the Tenth Judicial District Court of the State of Nevada sentenced Rios to a suspended prison term which included a five-year period of probation with a court-imposed condition further prohibiting use or possession of alcohol during the term of probation. ECF No. 9, at 2–3.

On July 28, 2016, the Nevada Supreme Court issued its opinion in *McNeill v. State*, 375 P.3d 1022 (2016). Most relevant, the Court held that the parole board cannot impose lifetime supervision conditions beyond those enumerated in NRS 213.1243. *Id.* at 1025. As such, an offender's failure to comply with a non-statutory lifetime supervision condition imposed by the parole board, like a prohibition of possession or use of alcoholic beverages, would no longer constitute a criminal violation. *Id.*

In July 2018, Defendants Hohnholz ("Hohnholz") and Brannon ("Brannon") reported that Rios violated his 2015 *court-imposed* probation terms by driving under the influence of alcohol. ECF No. 9-1, at 18–19. Rios was brought before the Tenth Judicial District of Nevada, and, while again being represented by Sommer, Rios admitted to the allegations contained within the violation report and the court subsequently revoked his probation. *Id.*

On September 26, 2020, Rios, relying on the *McNeil* decision, filed his first amended complaint alleging four causes of action, under 42 U.S.C. § 1983 ("§ 1983"), against P&P, Lisa Brannon, Christopher Hohnholz, and Jacob Sommer. ECF No. 3. These causes of action include: (1) Brannon and Hohnholz's alleged violations of Rios' Fourth Amendment right to be free from

1  wrongful imprisonment ("wrongful imprisonment"); (2) P&P's alleged violations of Rios' Fourth, Fifth, and Fourteenth Amendment for failing to properly train its officials ("failure to train"); (3) Brannon and Hohnholz's alleged violations of Rios' Fifth and Fourteenth Amendment due process rights ("substantive due process"); and (4) Sommer's alleged malpractice during his representation of Rios ("attorney malpractice"). *Id.* The Defendants and Sommer filed the pending motion(s) to dismiss arguing that Rios' amended complaint fails to state cognizable constitutional claims. ECF Nos. 9, 17.

## II. LEGAL STANDARD

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* Fed. R. Civ. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement

to relief.") (internal quotation marks and citations omitted). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion— even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

## III. DISCUSSION

In sum, Rios' complaint alleges that the Defendants and Sommer violated his constitutional rights by failing to adhere to the Nevada Supreme Court's *McNeil* decision during his 2018 probation revocation proceedings. According to Rios, the Defendants and Sommer violated his constitutional rights by failing to take note that Rios' 2015 violation of a non-statutory condition of lifetime supervision (alcohol use) was held unconstitutional under Nevada law. Specifically, Rios alleges that the Defendants and Sommer improperly reported and allowed him to plead guilty to a violation of his court-imposed probation terms which were imposed because of an allegedly unconstitutional 2015 conviction. As a result, pursuant to § 1983, Rios seeks to recover damages for his alleged unconstitutional conviction and imprisonment.

The Defendants and Sommer filed separate motions to dismiss. The Defendants later joined the arguments and reasoning raised in Sommer's motion to dismiss. As articulated below, the Court grants Sommer's motion to dismiss all claims, rendering the Defendant's original motion to dismiss moot.[1]

### A. Pursuant to *Heck*, the Court grants Sommer's motion to dismiss Rios' complaint.

Sommer argues, citing *Heck v. Humphrey*, 512 U.S. 477 (1994), that Rios' complaint fails as a matter of law because Rios has not properly challenged his underlying unconstitutional

---

[1] The Court does not address the arguments raised in the Defendants' motion to dismiss (ECF No. 9) as it has been subsumed by Sommer's motion to dismiss (ECF No. 17).

4

conviction. Stated differently, Sommer asserts that Rios has not had a court declare his 2015 violation of a non-statutory condition of lifetime supervision void following the Nevada Supreme Court's decision in *McNeil*. Without any authority declaring the conviction void, according to Sommer, Rios' claims fail as a matter of law.

Civil litigation is generally not seen as a vehicle to challenge the validity of a criminal judgment. As articulated by the United States Supreme Court, "…when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of any outstanding conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. As such, plaintiffs usually must have their underlying conviction or sentence declared invalid before seeking a remedy pursuant to § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (finding that the reach of *Heck* "turns solely on whether a successful § 1983 actions would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement.")

In this case, success on Rios' § 1983 claims—wrongful imprisonment, failure to train, and substantiative due process violations—would necessarily imply the invalidity of his underlying 2015 conviction. However, Rios has yet to provide the Court with a direct order or formal declaration indicating that the 2015 conviction is void. Under *Heck* and its progeny, it is normally not within the province of a federal court, in a § 1983 suit, to retroactively declare a state conviction void. Accordingly, *Heck* is directly on point and requires the dismissal of Rios' complaint. Nevertheless, in his response to Sommer's motion to dismiss, Rios argues that, (1) Sommer does not have standing to challenge the claims brought under § 1983, and (2) *Heck* does not bar his claims for damages.

1. <u>Standing</u>

In his opposition, Rios argues that Sommer lacks standing to challenge the complaint because Sommer is not being sued pursuant to § 1983. As he points out, Rios only brought a state attorney malpractice claim against Sommer for failing to challenge the validity of his underlying 2015 conviction, and the remaining constitutional claims were brought against the Defendants.

5

While Rios is correct that a state attorney malpractice claim is not cognizable under § 1983, that fact alone does not require denial of Sommer's motion to dismiss. The Defendants—who clearly have standing to challenge the § 1983 claims—adopted Sommer's same arguments and grounds for dismissal in their joinder to his brief. As such, the Defendants also argue that *Heck* bars any § 1983 action brought against them as there has not been a sufficient challenge to Rios' underlying conviction. Consequently, issues of standing do not prevent the Court from addressing the arguments raised in Sommer's motion to dismiss.

Nevertheless, Rios further contends that *Heck* does not bar claims for the attorney malpractice claim brought against Sommer. While true, *Heck* only applies to § 1983 claims, this Court does not have to exercise supplemental jurisdiction over the state attorney malpractice claim after the dismissal of the § 1983 claims. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)) ("[a] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") Therefore, as explained below, since this Court is dismissing the federal question claims brought under § 1983, the Court will decline to exercise supplemental jurisdiction over the state attorney malpractice claims as well.

2.  Exceptions to *Heck*

Rios alleges that *Heck* does not require dismissal of the § 1983 claims because his claims fall under an exception to the general rule. Specifically, Rios argues that the Ninth Circuit in *Nonnette v. Small* declared that *Heck* does not bar § 1983 claims if habeas relief to challenge an underlying conviction was unavailable based upon the release of the plaintiff from custody, or, according to Rios, through "no fault of his own." 316 F.3d 872, 877 (9th Cir. 2002); *see also Beckway v. DeShong*, 717 F.Supp.2d 908, 917 (N.D. Cal. 2010) (citing *Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006)).

However, Rios' reading of *Nonnette* overgeneralizes the holding, and the exception announced is in fact much narrower. *Nonnette* concerned an inmate challenging the miscalculation of his sentence by prison officials, and a revocation of good-time credits. *Id.* at 874. Quite importantly, the inmate in *Nonnette* was not challenging his underlying conviction, but rather, was

challenging administrative calculations surrounding his conviction. *Id.* The Ninth Circuit allowed the inmate's § 1983 suit to continue even though he was no longer in custody—a fact which normally bars habeas relief. *Id.* at 875. This "no fault" exception declared by the Ninth Circuit in *Nonnette* is for "former prisoners challenging loss of good-time credits, revocation of parole or similar matters," *id.* at 878 n.7, and not, as Rios is here, for "plaintiffs collaterally challenging underlying criminal convictions". *El v. Crain*, 560 F.Supp.2d 932, 945 (C.D. Cal. 2008) (rev'd on other grounds). The Ninth Circuit made clear that "…the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus." *Id.* (citing *Spencer v. Kenma*, 423 U.S. 1, at 7–12 (1998)).

Rios' claims have not satisfied the *Nonnette* exemption from *Heck*. Rios, by challenging his 2018 probation revocation, is tacitly declaring that his 2015 conviction for a violation of his non-statutory lifetime agreement condition is void. However, Rios has not provided any evidence that his 2015 conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.[2] The record is clear that no court or body in the State of Nevada has declared Rios' 2015 conviction void following *McNeil*.[3] If this Court were to allow Rios to pursue his § 1983 claims, it would necessarily declare his 2015 conviction void—directly contravening the holding in *Heck*. *Id.* at 486. ("[w]e think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement…")

///

///

---

[2] While the *McNeil* decision calls into question the constitutionality of the 2015 conviction, no official body has formally declared the conviction void.

[3] Rios has unsuccessfully pursued habeas relief via the state courts. Most recently, the Tenth Judicial District Court of the State of Nevada determined that Rios' petition for habeas relief was untimely. *See* ECF No. 21-3, at 6 ("Although *McNeill* [sic] was decided before the expiration of [Rios'] time to file his Petition, [Rios] still waited over three years after *McNeill* [sic] to file his petition.")

7

Therefore, because the § 1983 claims contained within Rios' complaint implicitly challenge the validity of his underlying 2015 conviction—which served as the basis for his 2018 probation revocation—the Court will grant Sommer's motion to dismiss pursuant to *Heck*.

IV. **CONCLUSION**

IT IS THEREFORE ORDERED that Sommer's motion to dismiss (ECF No. 17) is **GRANTED.**

IT IS FURTHER ORDERED that the Defendants motion to dismiss (ECF No. 9) is **DENIED** as moot.

IT IS SO ORDERED.

DATED this 27th day of May, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE